UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80149-Cr-MARRA/HOPKINS (s)

UNITED STATE OF AMERICA,

v.

JEFFREY GEORGE,
        Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING AND REQUEST FOR DOWNWARD SENTENCING DEPARTURE

**COMES NOW** the Defendant, JEFFREY GEORGE, by and through his undersigned counsel and hereby files this Memorandum in Aid of Sentencing and Request for Downward Sentencing Departure.

On October 5, 2011, the Defendant pled guilty to Count One of a five-count Superseding Indictment charging him with Racketeering Conspiracy, in violation of 18 U.S.C. §1962(d). The Defendant agreed to continue to cooperate with the United States Attorney's Office.

This Memorandum in Aid of Sentencing is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The Defendant, JEFFREY GEORGE, is requesting that the Court consider all materials contained within, and after computing an Advisory Guideline range, fashion an appropriate and reasonable sentence. Pursuant to Booker v. United States, 543 U.S. 220 (2005), the Defendant respectfully requests an appropriate departure from the guideline range.

## Grounds for Departure

Under §5K2.0, a court is authorized to depart downward from any sentence if it determines that the three point reduction for acceptance of responsibility does not adequately reflect the defendant's acceptance.

Pursuant to paragraphs 110 and 111 of the Presentence Investigation Report, three points were deducted from the Defendant's Advisory Guideline score, pursuant to Section 3E1.1(a) and Section 3E1.1(b). Because of the way the Advisory Guideline score is computed the Defendant did not receive any benefit for this acceptance.

In order to compute an accurate Advisory Guideline score, the Defendant respectfully requests this Court to consider the maximum statutory sentence and deduct any acceptance points rather than the computed Advisory Guideline score, which exceeds the statutory maximum.

In United States v. Rodriguez, 64 F. 3d 638 (11th Cir. 1995), the Defendant's sentence was vacated and remanded based upon this same issue.

In this case, the Guideline range for Mr. George is the same, whether or not he accepts responsibility.

The Eleventh Circuit has determine that in pre-Booker, supra, era situation, the District Court had the discretion to depart downward where this occurs.

Mr. George would also respectfully point out that the government does not object to the three level reduction for acceptance of responsibility from the statutory maximum range of 240 months.

If the Court agrees as it has with another Defendant, DERIK NOLAN, the current guideline range of 240 months, calculated by the United States Probation Office, falls at the bottom of the guideline range of offense level 36, criminal history III.

If three levels are deducted for the acceptance of responsibility, the offense level would be 33, with a guideline range of 168 to 210 months. Mr. George respectfully submits that the bottom of this guideline range should be the starting point for this defendant, prior to any deduction for substantial assistance.

### Dual Prosecution by State and Federal Authorities

Mr. George has also been charged in Case Numbers 11CF008807 and 11CF009010 in the 15th Judicial Circuit. Both cases stem from the conduct described in the case sub judicia.

"Note: The defendant respectfully disagrees with the assessment of one criminal history point application in paragraph 121, since the conduct arises from the same facts herein and should be treated under §4A1.2(a)(2).

Since this does not affect the guideline range, an objection is not being pursued."

Prosecution by both federal and state governments is a circumstance not considered by the guidelines, but the case remanded to determine whether departure should be upward or downward. See, United States v. Haggerty, 4 F.3d 901 (10th Cir. 1993); see also United States v. Koon, 833 F.Supp. 769, 786 (C.D. Cal. 1993) (specter of unfairness raised by successive state and federal prosecutions, interalia, justifies downward departure), affirmed on this ground, Koon v. United States, 518 U.S. 81 (1996).

## Cooperation in the Absence of §5K1.1 Motion

After Booker and Rita, it is respectfully submitted that Mr. George's cooperation reflects a substantially reduced likelihood of recidivism and is a beneficial part of his history and character supporting a non-guideline sentence under §3553(a)(2)(C), even where the government does not file a §5K1.1 motion. See United States v. Fernandez, 443 F.3d 19 (2d Cir. 2006) (a judge must consider "the history and characteristics of the defendant" and should consider that a defendant made efforts to cooperate, even if those efforts did not yield a government motion for a departure; United States v. Lazenby, 439 F.3d 928, 933-34 (8th Cir. 2006) (noting that Booker made the prosecution's determination of the cooperation factor less controlling, and holding that district court failed to take Booker's change into account); United States .v Doe, 213 Fed. Appx. 660, 663 (10th Cir. Jan. 12, 2007) (unpub.)(holding that district court should address cooperation as part of its §3553(a) analysis even in absence of a 5K1.1 motion when raised by the defendant; United States v. Ochoa-Ramos, 2008 WL 2062341, at *3 (E.D.Wis. 2008)(noting the ability to consider cooperation with the government as evidence of defendant's character under §3553(a) beyond a reduction under §3E1.1, even in the absence of a §5K motion from the prosecution); United States v. Cruz, 2008 WL 4501951, at *3 (E.D.Wis. 2008)(same); United States v. Murray, 2005 WL 1200185 (S.D.N.Y. May 20, 2005)(unpub.)(fact that defendant testified for the government at a time when he had nothing to gain provides support for this genuine contrition.

**WHEREFORE,** Mr. George respectfully requests an appropriate downward departure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Electronic Filing to Paul F. Schwartz, Assistant United States Attorney, 500 East Broward Blvd., 7th Floor, Fort Lauderdale, FL 33394, and via U.S. Mail to Sheila A. Parsons, Senior U.S. Probation Officer, 501 S. Flagler Drive, Suite 400, West Palm Beach, FL 33401-5912, this 4th day of January, 2012.

ROTH & DUNCAN, P.A.
Northbridge Centre, Suite 325
515 North Flagler Drive
P.O. Box 770
West Palm Beach, Florida 33402
Tele: (561)-655-5529

_____
DAVID ROTH
Fla. Bar #116023